```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

JAMES NOYES,

      Plaintiff,
v.                                CASE NO.: 8:12-cv-2522-T-33AEP

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY and
DAVID J. LONIGRO,

      Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff James Noyes' Motion to Remand (Doc. # 11), which was filed on December 5, 2012. Defendant Universal Underwriters Insurance Company filed a Response in Opposition to Noyes' Motion to Remand (Doc. # 16) on December 19, 2012. Noyes filed a Reply, with leave of Court, on January 7, 2013. (Doc. # 20). For the reasons that follow, the Motion to Remand is granted.

## I. Background

The present action stems from a $4,646,129.02 final judgment entered pursuant to a jury verdict on February 22, 2012, against James Noyes and his employer for negligence in the repair of a tire. (Doc. # 11-2). Specifically, a jury determined that Noyes, the service manager of a automobile repair center, was at fault when the vehicle Gwen Chattelle

was driving on September 27, 2008 overtured, resulting in serious bodily injuries. (Doc. # 2 at ¶¶ 6-8, 25).

On September 27, 2012, Noyes filed suit in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging that Universal Underwriters, his insurer, acted in bad faith in handling the Chattelles' claim and alleging that his counsel David J. LoNigro, Esq., was negligent in defending him against the same. (Doc. # 2).

Noyes effected service of process on Universal Underwriters on October 5, 2012. (Doc. # 11-3). On November 5, 2012, Universal Underwriters filed a Notice in state court indicating its intention to remove the case to federal court. (Doc. # 20-1). However, Universal Underwriters did not file its Notice of Removal in this Court until November 6, 2012. (Doc. # 1). Noyes subsequently filed a Motion to Remand on December 5, 2012, based on Universal Underwriters' failure to remove the action within thirty days of being served with the complaint, among other arguments. (Doc. # 11).[1] The Motion to Remand is ripe for the Court's review.

---

[1] It is not necessary for the Court to address each of Noyes' arguments concerning the impropriety of removal as the Court remands this action based on Universal Underwriters' untimely removal.

2

**II. Discussion**

"Federal courts are directed to construe removal statutes strictly . . . and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc., 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." Sibilia v. Makita Corp., 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009). The statutory nature of removal requires that it be construed strictly in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). The timing of removal is controlled by 28 U.S.C. § 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Universal Underwriters argues that it met the thirty-day deadline for removal when it served Noyes with its state court Notice of Removal on November 5, 2012, and further asserts

3

that Noyes "was certainly aware of the removal on that day." (Doc. # 16 at 6). Universal Underwriters' reasoning is flawed, however, because it assumes that Noyes' knowledge of Universal Underwriters' intent to file a Notice of Removal in this Court was sufficient to satisfy the thirty-day deadline for removal.

Universal Underwriters was required to file its Notice of Removal in this Court within thirty days of the date that it was served in this action. 28 U.S.C. § 1446(b). Here, Universal Underwriters did not file the Notice of Removal with this Court until November 6, 2012, one day past the deadline.

Universal Underwriters asserts that remand is inappropriate because its counsel "made every effort to comply with [the] removal statute but made a good faith error in construing the Local Rules of the Middle District of Florida with respect to the filing of initial documents," and because Noyes does not assert that he "suffered or will suffer any prejudice." (Doc. # 16 at 7). Universal Underwriters' reasoning is again flawed in that it assumes that the mandatory thirty-day filing requirement may be extended by the Court at its discretion if the Court finds that the removing defendant made a good faith attempt to meet the thirty-day deadline and the plaintiff is not prejudiced by the late

4

filing.

"The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court." Torres v. AIG Claim Servs., Inc., 957 F. Supp. 1271, 1273 (S.D. Fla. 1997). However, while the removal period is mandatory, it may be "waived by the parties by affirmative conduct or unequivocal assent." Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993)(internal citation omitted). In this case, the record does not demonstrate that Noyes waived the mandatory removal period and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." Harris Corp. v. Kollsman, Inc., 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000).

Removal statutes are construed strictly for several important reasons:

> 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials.

Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1347 (M.D. Fla. 2001).

Since "removal is in derogation of state court jurisdiction," a more lenient interpretation of the requirement permitting removal of a case based on diversity jurisdiction when the Notice of Removal was not timely filed would run contrary to Congress's intent in imposing the restriction. Hill v. Gen. Motors Corp., 654 F. Supp. 61, 62 (S.D. Fla. 1987).

Noyes perfected service on Universal Underwriters on October 5, 2012, and Universal Underwriters filed its untimely Notice of Removal in this Court on November 6, 2012. The Court accordingly grants the Motion to Remand.

### III. **Attorney's Fees**

Noyes seeks reasonable attorney's fees and costs under 28 U.S.C. § 1447(c) predicated upon Universal Underwriters' untimely removal of this action. Noyes correctly identifies the proper standard for awarding attorneys' fees as the objective reasonableness of removal. (Doc. # 11 at 18). The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

In deciding whether to award fees when remanding cases to state court, this Court considers "the desire to deter

6

removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove." Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin, 546 U.S. at 140)).

After review of all relevant materials, the Court disagrees with Noyes' assertion that the Defendant had "no objectively reasonable basis for this Court to exercise subject matter jurisdiction." (Doc. # 11 at 19). The Court finds that Universal Underwriters had an ultimately unsuccessful, but objectively reasonable, basis for removal. Therefore, the Court declines to award Noyes attorney's fees for improper removal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Noyes' Motion for Remand (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and thereafter to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7

Copies: All Counsel of Record